UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEARL COLEMAN, et al.,

Plaintiffs,

v.

COUNTY OF KINGS, et al.,

Defendants.

Case No.  1:24-cv-00659-KES-HBK

ORDER DENYING MOTION TO COMPEL AND REQUEST FOR SANCTIONS WITHOUT PREJUDICE

(Doc. 34)

Pending before the Court is Plaintiffs' Motion to Compel the Third-Party Deposition of Corporal Ryan O'Barr and Request for Sanctions.  (Doc. 34, "Motion").  Plaintiffs submit the declaration of Attorney Kevin G. Little, with exhibits, in support of the Motion.  (Doc. 34-1, Exhs. A-E).  Plaintiffs seek an order compelling third-party witness Corporal Ryan O'Barr to appear for a deposition, requiring Corporal Ryan O'Barr to produce all documents requested in the subpoena for production of documents, and awarding reasonable expenses, including attorney's fees, incurred by Plaintiffs in bringing the Motion.  (Doc. 34 at 2). Defendants filed a statement of non-opposition to the Motion.  (Doc. 35).

The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices and remedies. *Jules Jordan Video, Inc.  v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010).  Generally, when a party fails to comply with a proper discovery request, the non-offending party moves under Rule 37 for a motion to compel.

Fed. R. Civ. P. 37 (a)(1).  If granted, the non-offending party is entitled to attorney fees.  *Id*. (a)(5).  Alternatively, Federal Rule of Civil Procedure 45 subpoenas are used to obtain documents or testimony from non-parties.  Fed. R. Civ. P. 45.  A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each person to whom it is directed to attend and testify; produce designated, electronically stored information, or tangible things in that person's possession, custody or control; . . .."  Fed. R. Civ. P. 45(a)(1)(A) (iii).  "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *McKeon v. Cent. Valley Cmty. Sports Found.*, 2019 WL 1208986, at *2 (E.D. Cal. Mar. 14, 2019) (collecting cases).

Here, as an initial matter, the Court need not consider the merits of Plaintiffs' requests because the subpoena is facially deficient.  A valid subpoena must command attendance at a "specified time and place" pursuant to Fed. R. Civ. P. 45(a)(1)(A)(iii).  Plaintiffs' subpoena lists the place of compliance as "VIA REMOTE VIDEO CONFERENCE (i.e., Via Zoom)."  (Doc. 34-1 at 7, Exh. A).  This is not a "place" for the purposes of designating a valid place of compliance; further, because "Zoom" is a method of attendance and not a physical "place," the Court cannot verify compliance with the 100-mile geographical limit mandated by Rule 45(c)(1)(A).  *See Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, 2022 WL 2820667, at *7 ("A "ZOOM VIDEO CONFERENCE," however, is not a place."); *Frobe v. UPMC St. Margaret*, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021) (" 'Zoom Videoconferencing' is not a 'Place;' rather, it is a method of taking the deposition."); *see also In re Kirkland*, 75 F.4th 1030, 1046 (9th Cir. 2023) ("While technology and the COVID-19 pandemic have changed expectations about how legal proceedings can (and perhaps should) be conducted, the rules defining the federal subpoena power have not materially changed. We are bound by the text of the rules.").

Next, Plaintiffs argue they "complied with all requirements for serving the subpoena," because the subpoena and Notice of Deposition were personally served, by a process server on the "agent for service of process for the Lemore Police Department … who was duly authorized to accept these documents on behalf of the deponent, Corporal Ryan O'Barr."  (Doc. 34 at 4, Doc. 34-1 at 19, Exhs. A-B).  Federal Rule of Civil Procedure 45(b)(1) states that service of a subpoena to a non-party is accomplished by "delivering a copy to the named person"; however,

"the type of service required for a Rule 45 subpoena is unsettled within [the Ninth] Circuit." *BNSF Ry. Co. v. Alere, Inc.*, 2018 WL 2267144, at *5 (S.D. Cal. May 17, 2018).  Although a majority of courts interpret Rule 45 to require personal service, *Slaten v. Experian Information Solutions, Inc.*, 2023 WL 6889026 (C.D. Cal. May 3, 2023), an increasing number of courts permit substitute service "so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015).  Regardless, even assuming *arguendo* that the Court were to permit substitute service, Plaintiff has not shown that the unnamed individual who accepted service was authorized to do so on behalf of Corporal O'Barr.  *See Cunningham v. Matrix Financial Servs.*, LLC, 2021 WL 1156851, at *4 (C.D. Cal. Feb. 4, 2021) ("A representative of a subpoenaed party can agree to accept service on behalf of a party, but only if the representative is authorized to do so.").  Thus, the subpoena does not appear to have been properly served.

Finally, even were the Court to overlook the defective subpoena and improper service, Plaintiffs' argument that they are "entitled" to (1) an order compelling Corporal O'Barr to appear for a deposition under Federal Rule of Civil Procedure 37(a)(1), and (2) sanctions under Federal Rule of Civil Procedure 37(a)(5) are misplaced.  As noted above, when a <u>party</u> fails to comply with a proper discovery request, the non-offending party may move for an order compelling disclosure or discovery under Rule 37(a)(1).  If the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5). Here, however, Corporal O'Barr is not a party in this action.  "[A] court may not impose Rule 37(b) sanctions against a nonparty for asserted noncompliance with a subpoena issued under Rule 45."  *Chaudhry v. Angell*, 2021 WL 1711101, at *3 (E.D. Cal. Apr. 29, 2021) (citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) ("A subpoena under Rule 45, in contrast, is directed at the nonparty. It obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt.  None of the other sanctions available under Rule 37

3

are available against the nonparty.")).  Rather, the proper enforcement mechanism against a nonparty for failure to comply with a subpoena would be a request that the non-party deponent show cause why he should not be held in contempt under Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45(g) ("a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Accordingly, it is hereby **ORDERED**:

Plaintiffs' Motion to Compel and Request for Sanctions (Doc. 34) is DENIED WITHOUT PREJUDICE.

Dated:    April 14, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4